**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH MEYERS,<br>on behalf of Plaintiff and the<br>class members described herein,<br><br>Plaintiff,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT -- CLASS ACTION

## INTRODUCTION

1.      Plaintiff Kenneth Meyers brings this action to secure redress for the misrepresentation by Defendant AriZona Beverages USA LLC ("AriZona") of the calorie content of its Arnold Palmer zero calorie drink.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §1332(d). The classwide amount in controversy exceeds $5 million, exclusive of interest and costs. There are more than 100 class members. Plaintiff is of diverse citizenship to the Defendant.

3.      Venue and personal jurisdiction are proper because Plaintiff purchased Defendant's mislabeled product in Chicago, Illinois.

## PARTIES

4.      Plaintiff Kenneth Meyers is a citizen of Michigan and a resident of Lawrence, Michigan. He formerly resided in Illinois and frequently visits Illinois, Indiana, and Wisconsin.

-1-

5.      Defendant AriZona is a limited liability company organized under the law of New York with its principal offices at 60 Crossways Park Dr. W., Woodbury, NY 11797.  It does business in Illinois.  Its registered agent and office is 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.      On information and belief, the owner of AriZona is Hornell Brewing Co., Inc., doing business as Vultaggio & Sons.  This is a New York corporation with its principal offices at 60 Crossways Park Dr. W., Woodbury, NY 11797.

7.      AriZona is therefore a citizen of New York.

8.      AriZona develops and markets beverage products throughout the United States. The products are available at numerous retail and online outlets, including its own website, www.drinkarizona.com.  Defendant has sales of about $3 billion per year.

9.      Defendant is able to identify many purchasers of its products, such as those made through its website.

## FACTS

10.      Defendant AriZona makes and sells, through its website and otherwise, the Arnold Palmer drink, consisting of ½ tea and ½ lemonade.

11.      The  Arnold Palmer drink was sold in zero calorie, lite and regular versions.

12.      During the three years prior to the filing of this action, Plaintiff made numerous purchases of zero calorie Arnold Palmer drink, mainly in the 23 fl. oz size.

13.      Plaintiff purchased the zero calorie Arnold Palmer drink at the Walgreens at 189 N. Northwest Hwy, Barrington, IL 60010 on September 20, 2019; the Shell gas station at 106 N. Northwest Highway, Barrington, IL 60010 on April 8, 2019, and April 9, 2019, and the Shell gas

-2-

station at 100 W. Northwest Hwy, Barrington, IL 60010 on July 13, 2019.

14.     Plaintiff purchased the zero calorie Arnold Palmer drink at the BP gas station at 112 S. Main Street, Walworth, WI 53184, on June 14, 2019, June 15, 2019, and September 22, 20219.

15.     Plaintiff purchased the zero calorie Arnold Palmer drink at the Walgreens at 580 Indian Boundary Rd., Chesterton, IN 46304, on July 12, 2019; and the BP gas station at 525 Indian Boundary Rd., Chesterton, IN 46304, on April 10, 2019, April 22, 2019, July 12, 2019, and September 23, 2019.

16.     Plaintiff purchased the zero calorie Arnold Palmer drink at the Shell gas station at 7000 Westnedge, Portage, MI 49002.

17.     Plaintiff purchased the zero calorie drink at many other times and locations as well.

18.     Plaintiff is health conscious and specifically chose the zero calorie Arnold Palmer drinks instead of one of the other varieties because of its zero calories.  Had he known it was not zero calories he would have purchased another product.

19.     The representation that the product had zero calories was prominently featured on the front of the can, on the panel on the back, and in advertising.

20.     On information and belief, the zero calorie drink did not qualify for labeling as such and was renamed "diet."

21.      Exhibit A depicts the zero calorie version of the drink next to a can of the diet version.

22.     Under Food & Drug Administration regulations, a product cannot be labeled or

represented as having zero calories unless a standard serving has no more than five calories.

23. In fact, the zero calorie version of the drink did not have less than five calories.

24. Recently, the Food & Drug Administration required AriZona to relabel the "zero calorie" product as a "diet" product with 15 calories per can.

25. Because of the multiple versions of the product, the reason why a person would purchase the zero calorie version is to get a product with zero calories. Had Plaintiff known it was not zero calories he would have purchased another product.

26. Plaintiff was damaged by paying money in reliance on the representations.

27. Defendant's representations gave it an unfair competitive advantage over products that were honestly labeled.

**COUNT I – BREACH OF EXPRESS WARRANTY;**
**UNIFORM COMMERCIAL CODE**

28. Plaintiff incorporates paragraphs 1-27.

29. Under Uniform Commercial Code §2-313, in force throughout the United States except Louisiana and Puerto Rico (the Illinois citation is 810 ILCS 5/2-313), the representations on Defendant's packaging created an express warranty that the contents shall conform to the representations.

30. The representation was conveyed directly to the retail purchaser.

31. Defendant's representations became a part of the basis of the bargain.

32. Defendant breached those representations, as described above.

## CLASS ALLEGATIONS

33.     Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf

of a class.

34.     The class consists of all persons who purchased in the United States (except

Louisiana and Puerto Rico) Arnold Palmer zero calorie drink on or after a date four years prior

to the filing of this action.

35.     Excluded from the Class are any members of the judiciary assigned to preside

over this matter; any officer or director of Defendant; and any immediate family member, of

such officer or director.

36.     The members of the class are so numerous that joinder of all members is

impracticable.  There are thousands of persons in the class.

37.     There are questions of law and fact common to the members of the classes, which

predominate over any questions that affect only individual class members.  The predominant

common questions include:

        a.      Whether the Arnold Palmer zero calorie drink had zero calories.

        b.      Whether Defendant made and breached an express warranty that  the

                Arnold Palmer zero calorie drink had zero calories.

38.     Plaintiff's claim is typical of the claims of the class members.  All are based  on

the same factual and legal theories.

39.     Plaintiff will fairly and adequately represent the interests of the class members.

Plaintiff has retained counsel experienced in consumer class action litigation.

40.     A class action is superior to other alternative methods of adjudicating this

dispute.  Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant, for:

       i.     Compensatory damages;

      ii.     Costs of suit; and

     iii.     Such other or further relief as the Court deems proper.

### COUNT II – BREACH OF IMPLIED WARRANTY;
### UNIFORM COMMERCIAL CODE AND MAGNUSON-MOSS ACT

41.     Plaintiff incorporates paragraphs 1-27.

42.     Under the Uniform Commercial Code  – in force throughout the United States except in Louisiana and Puerto Rico – there is an implied warranty in the sale of goods by a merchant that the goods shall be merchantable.  The Illinois citation is 810 ILCS 5/2-314.

43.     Under UCC §2-314(2), "Goods to be merchantable must be at least such as.... (f) conform to the promises or affirmations of fact made on the container or label if any."

44.     The Arnold Palmer zero calorie drinks did not conform to the promises or affirmations of fact made on the packaging.

### CLASS ALLEGATIONS

45.     Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf of a class.

46.     The class consists of all persons who purchased in the United States (except Louisiana and Puerto Rico)  Arnold Palmer zero calorie drink on or after a date four years prior to the filing of this action.

47.     Excluded from the Class are any members of the judiciary assigned to preside

-6-

over this matter; any officer or director of Defendant; and any immediate family member, of such officer or director.

48.     The members of the class are so numerous that joinder of all members is impracticable.  There are thousands of persons in the class.

49.     There are questions of law and fact common to the members of the classes, which predominate over any questions that affect only individual class members.  The predominant common questions include:

        a.     Whether the Arnold Palmer zero calorie drink had zero calories.

        b.     Whether Defendant made and breached an implied warranty that  the Arnold Palmer zero calorie drink had zero calories.

50.     Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

51.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer class action litigation.

52.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant, for:

        i.     Compensatory damages;

        ii.     Attorney's fees and litigation expenses (pursuant to 15 U.S.C. §1610), and costs of suit; and

        iii.     Such other or further relief as the Court deems proper.

## **COUNT III – CONSUMER FRAUD – ILLINOIS**

53.     Plaintiff incorporates paragraphs 1-27.

54.     Defendant engaged in unfair and deceptive acts and practices, in violation of §2

of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by representing on the label and otherwise

that the Arnold Palmer zero calorie drink had zero calories.

55.     815 ILCS 505/2 provides:

   Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices,
   including but not limited to the use or employment of any deception fraud, false pretense,
   false promise, misrepresentation or the concealment, suppression or omission of any
   material fact, with intent that others rely upon the concealment, suppression or omission
   of such material fact, or the use or employment of any practice described in Section 2 of
   the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct
   of any trade or commerce are hereby declared unlawful whether any person has in fact
   been misled, deceived or damaged thereby. In construing this section consideration shall
   be given to the interpretations of the Federal Trade Commission and the federal courts
   relating to Section 5 (a) of the Federal Trade Commission Act.

56.     Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a),

defines as a deceptive trade practice "(5) represent[ing] that goods or services have . . .

characteristics, ingredients, uses, benefits, or quantities that they do not have . . . . (7)

represent[ing] that goods or services are of a  particular standard, quality, or grade . . . if they are

of another . . . (12) engag[ing] in any other conduct which similarly creates a likelihood of

confusion or misunderstanding."

57.     The acts of Defendant were done in the course of trade and commerce.

## CLASS ALLEGATIONS

58.     Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf of a class.

59.     The class consists of all persons who purchased in Illinois Arnold Palmer zero calorie drink on or after a date three years prior to the filing of this action.

60.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member, of such officer or director.

61.     The members of the class are so numerous that joinder of all members is impracticable.  There are thousands of persons in the class.

62.     There are questions of law and fact common to the members of the classes, which predominate over any questions that affect only individual class members.  The predominant common questions include:

        a.     Whether the Arnold Palmer zero calorie drink had zero calories.

        b.     Whether Defendant falsely represented that  the Arnold Palmer zero calorie drink had zero calories.

        c.     Whether such representations violated the Consumer Fraud Act.

63.     Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

64.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer class action litigation.

65.     A class action is superior to other alternative methods of adjudicating this

dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant, for:

  i.    Compensatory damages;

  ii.    Punitive damages;

  iii.    Attorney's fees, litigation expenses, and costs of suit; and

  iv.    Such other or further relief as the Court deems proper.

## **COUNT IV – CONSUMER FRAUD – WISCONSIN**

66.    Plaintiff incorporates paragraphs 1-27.

67.    Defendant engaged in unfair and deceptive acts and practices, in violation of Wis. Stats. §100.18, by representing on the label and otherwise that the Arnold Palmer zero calorie drink had zero calories.

68.    Wis.Stats. §100.18 provides:

100.18. Fraudulent representations.

(1) No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion,

-10-

representation or statement of fact which is untrue, deceptive or misleading.

(11)

    (b)

2. Any person suffering pecuniary loss because of a violation of this section by any other person may sue in any court of competent jurisdiction and shall recover such pecuniary loss, together with costs, including reasonable attorney fees . . . .

3. No action may be commenced under this section more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action. . . .

## CLASS ALLEGATIONS

69.     Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf of a class.

70.     The class consists of all persons who purchased in Wisconsin Arnold Palmer zero calorie drink on or after a date three years prior to the filing of this action.

71.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member, of such officer or director.

72.     The members of the class are so numerous that joinder of all members is impracticable.  There are thousands of persons in the class.

73.     There are questions of law and fact common to the members of the classes, which predominate over any questions that affect only individual class members.  The predominant common questions include:

    a.     Whether the Arnold Palmer zero calorie drink had zero calories.

    b.     Whether Defendant falsely represented that  the Arnold Palmer zero

calorie drink had zero calories.

      c.     Whether such representations violated Wis.Stats. §100.18.

74.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

75.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer class action litigation.

76.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant, for:

      i.     Compensatory damages;

      ii.     Punitive damages;

      iii.     Attorney's fees, litigation expenses, and costs of suit; and

      iv.     Such other or further relief as the Court deems proper.

## COUNT V – CONSUMER FRAUD – INDIANA

77.    Plaintiff incorporates paragraphs 1-27.

78.    Defendant violated Ind. Code §24-5-0.5-3 by representing on the label and otherwise that the Arnold Palmer zero calorie drink had zero calories.

79.    Ind. Code §24-5-0.5-3 provides:

(a) A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.

(b) Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:

> (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.

> (2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. . . .

(c) Any representations on or within a product or its packaging or in advertising or promotional materials which would constitute a deceptive act shall be the deceptive act both of the supplier who places such representation thereon or therein, or who authored such materials, and such other suppliers who shall state orally or in writing that such representation is true if such other supplier shall know or have reason to know that such representation was false. . . .

80.     Under Ind. Code §24-5-0.5-4, Plaintiff may bring suit for actual damages or $500, whichever is greater, subject to increase to $1,000 if the act was willful, plus attorney's fees.

## CLASS ALLEGATIONS

81.      Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf of a class.

82.     The class consists of all persons who purchased in Indiana  Arnold Palmer zero calorie drink on or after a date one year prior to the filing of this action.

83.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member, of such officer or director.

84.     The members of the class are so numerous that joinder of all members is impracticable.  There are thousands of persons in the class.

85.     There are questions of law and fact common to the members of the classes, which

-13-

predominate over any questions that affect only individual class members. The predominant common questions include:

      a.    Whether the Arnold Palmer zero calorie drink had zero calories.

      b.    Whether Defendant falsely represented that the Arnold Palmer zero calorie drink had zero calories.

      c.    Whether such representations violated Ind. Code § 24-5-0.5-3.

86. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

87. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer class action litigation.

88. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant, for:

      i.    Compensatory damages;

      ii.    Statutory damages;

      iii.    Attorney's fees, litigation expenses, and costs of suit; and

      iv.    Such other or further relief as the Court deems proper.

## COUNT VI – COMMON LAW FRAUD

89.     Plaintiff incorporates paragraphs 1-27.

90.     Defendants committed fraud by representing on the label and otherwise that the Arnold Palmer zero calorie drink had zero calories.

## CLASS ALLEGATIONS

91.     Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf of a class.

92.     The class consists of all persons who purchased in the United States Arnold Palmer zero calorie drink on or after a date five years prior to the filing of this action.

93.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member, of such officer or director.

94.     The members of the class are so numerous that joinder of all members is impracticable.  There are thousands of persons in the class.

95.     There are questions of law and fact common to the members of the classes, which predominate over any questions that affect only individual class members.  The predominant common questions include:

        a.      Whether the Arnold Palmer zero calorie drink had zero calories.

        b.      Whether Defendant falsely represented that  the Arnold Palmer zero calorie drink had zero calories.

        c.      Whether such representations were fraudulent.

96.     Plaintiff's claim is typical of the claims of the class members.  All are based  on

the same factual and legal theories.

97.     Plaintiff will fairly and adequately represent the interests of the class members.

Plaintiff has retained counsel experienced in consumer class action litigation.

98.     A class action is superior to other alternative methods of adjudicating this

dispute.  Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the class, and against Defendant, for:

> i.      Compensatory damages;
>
> ii.     Punitive damages;
>
> iii.    Costs of suit; and
>
> iv.     Such other or further relief as the Court deems proper.

### **COUNT VII – UNJUST  ENRICHMENT**

99.     Plaintiff incorporates paragraphs 1-27.

100.    Defendant obtained money  to which it was not entitled by selling the Arnold

Palmer drink as having zero calories.

101.    Defendant had knowledge of the benefit conferred upon them by Plaintiff   and he

class members.   Defendant made a calculated profit from the sales of its product, while Plaintiff

and others like him suffered damages as a result of the transactions.

102.    Defendant has voluntarily and deliberately accepted and retained those

profits and benefits, without delivering the product promised.

103.    Defendant's retention of the money they obtained constitutes unjust enrichment.

## CLASS ALLEGATIONS

104.    Plaintiff brings this claim, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), on behalf

of a class.

105.    The class consists of all persons who purchased in the United States Arnold

Palmer zero calorie drink on or after a date five years prior to the filing of this action.

106.    Excluded from the Class are any members of the judiciary assigned to preside

over this matter; any officer or director of Defendant; and any immediate family member, of

such officer or director.

107.    The members of the class are so numerous that joinder of all members is

impracticable.  There are thousands of persons in the class.

108.    There are questions of law and fact common to the members of the classes, which

predominate over any questions that affect only individual class members.  The predominant

common questions include:

    a.    Whether the Arnold Palmer zero calorie drink had zero calories.

    b.    Whether Defendant falsely represented that  the Arnold Palmer zero

        calorie drink had zero calories.

    c.    Whether such representations resulted in unjust enrichment.

109.    Plaintiff's claim is typical of the claims of the class members.  All are based  on

the same factual and legal theories.

110.    Plaintiff will fairly and adequately represent the interests of the class members.

Plaintiff has retained counsel experienced in consumer class action litigation.

111.    A class action is superior to other alternative methods of adjudicating this

dispute. Individual cases are not economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the class, and against Defendant, for:

        i.       Appropriate monetary relief;

      ii.       Costs of suit; and

     iii.       Such other or further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Dulijaza (Julie) Clark (ARDC 6273353)
Bryan G. Lesser (ARDC 6330021)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

-18-

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **EXHIBIT A**



