IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH MEYERS, | ) | |
| on behalf of Plaintiff and the | ) | |
| class members described herein, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 5543 |
| | ) | |
| vs. | ) | Judge Andrea R. Wood |
| | ) | |
| ARIZONA BEVERAGES USA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

I.      **Nature of the Case**

     A.      Identify the attorneys of record for each party, including the lead trial attorney.

        Daniel A. Edelman, Cathleen M. Combs, Dulijaza (Julie) Clark, Heather Kolbus and David Kim, Edelman, Combs, Latturner & Goodwin, LLC, representing Plaintiff. Daniel A. Edelman will be the lead trial attorney for plaintiff ("Plaintiff").

        Casey Grabenstein, Saul Ewing Arnstein & Lehr LLP, and Robert P. Donovan, McElroy, Deutsch, Mulvaney & Carpenter, LLP, representing defendant, Arizona Beverages USA LLC (at times "Defendant" or "Defendant AriZona"). Robert P. Donovan will be lead trial attorney for Defendant.

     B.      Identify any parties that have not yet been served.

        All parties have been served.

     C.      State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        i.      state whether and, if so, why the amount in controversy exceeds the jurisdictional threshold; and

        ii.      identify the state of citizenship of each named party.

        The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d). The class-wide amount in controversy exceeds $5 million, exclusive of interest and costs.

Plaintiff is a citizen of Michigan. Defendant is a citizen of New York.

D.   Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

**Plaintiff's Submission**

Plaintiff's complaint alleges violations under the Uniform Commercial Code (breach of express and implied warranty), the Illinois Consumer Fraud Act, the Wisconsin Consumer Fraud Act, Indiana Deceptive Consumer Sales, common law fraud, and unjust enrichment.

Defendant AriZona makes and sells, through its website and otherwise, the Arnold Palmer drink, consisting of ½ tea and ½ lemonade. The Arnold Palmer drink was sold in zero calorie, lite and regular versions. During the three years prior to the filing of this action, Plaintiff made numerous purchases of zero calorie Arnold Palmer drink, mainly in the 23 fl. oz size. Plaintiff purchased the zero calorie Arnold Palmer drink within the district and in Wisconsin, Indiana and Michigan.

Plaintiff is health conscious and specifically chose the zero calorie Arnold Palmer drinks instead of one of the other varieties because of its zero calories. Had he known it was not zero calories he would have purchased another product. The representation that the product had zero calories was prominently featured on the front of the can, on the panel on the back, and in advertising. Plaintiff alleges the zero-calorie drink did not qualify for labeling as such and was renamed "diet."

Under Food & Drug Administration regulations, a product cannot be labeled or represented as having zero calories unless a standard serving has no more than five calories. In fact, the zero-calorie version of the drink did not have less than five calories. Recently, the Food & Drug Administration required AriZona to relabel the "zero calorie" product as a "diet" product with 15 calories per can. Because of the multiple versions of the product, the reason why a person would purchase the zero-calorie version is to get a product with zero calories. Had Plaintiff known it was not zero calories he would have purchased another product. Plaintiff was damaged by paying money in reliance on the representations. Defendant's representations gave it an unfair competitive advantage over products that were honestly labeled.

Plaintiff is seeking for himself and a class compensatory damages, punitive damages and attorneys' fees and costs.

**Defendant's Submission**

There are no factual and/or legal grounds for the claims Plaintiff asserts. Defendant denies that the labels at issue violate the law in any respect. Defendant properly and accurately sets forth the amount of calories in the Arnold Palmer

beverages in the manner required under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, as amended by the Nutrition Labeling and Education Act ("NLEA") (collectively, "FDCA"). The matter is also not eligible for class action certification for several reasons including, but not limited to, the highly individualized reasons why people purchase Defendant's Arnold Palmer beverages which predominate over any alleged common questions.

E.    State the major legal and factual issues in the case.

**Plaintiff's Submission**

The major factual issues are:

- the damages to which Plaintiff and/or the putative class members are entitled; and

- whether Plaintiff can satisfy the requirements for class certification under the Fed. R. of Civ. P. 23.

The major legal issues are whether:

- Plaintiff can meet his burden of establishing that all requirements of Fed. R. of Civ. P. 23 are met such that the requested classes can be certified; and

- Plaintiff is entitled to relief 1) under U.C.C. §2-313; 2) under Magnuson-Moss Act, 15 U.S.C., 3) under the Illinois Consumer Fraud Act, 815 ILCS 505/2; 4) under Wisconsin Consumer Fraud Act, Wis.Stats. §100.18; 5) under the Indiana Deceptive Consumer Sales Act, Ind. Code §24-5-0.5-3; 6) under common law fraud; and 7) because Defendants were unjustly enriched.

**Defendant's Submission**

The major factual issues include:

- Whether there is any factual basis for Plaintiff's claims;

- Plaintiff's failure to plead any tests with regard to his allegations about calorie content;

- Lack of pre-suit notice;

- Alleged reliance;

- The alleged purchase prices;

3

- Whether Plaintiff suffered any damages; and

- Lack of intent.

The major legal issues include:

- Plaintiff's standing to sue;

- Preemption of Plaintiff's claims under the FDCA;

- Plaintiff's failure to plead a plausible claim for relief. The FDA provides five different mechanisms that a food manufacturer may use to calculate the calorie content of a food item. *See* 21 C.F.R. § 101.9(c)(1)(i). Plaintiff does not allege a violation of that regulation, nor does he state what type of testing methodology was used to assert that "the zero calorie version of the drink did not have less than five calories." (Complaint, ¶ 23);

- Plaintiff's failure to state a claim for breach of warranty. He does not allege that he provided ABU with the required notice of breach before commencing suit. 810 Ill. Comp. Stat. Ann. § 5/2-607(3)(1); Ind. Code § 26-1-2-607(3)(a); and Wis. Stat. Ann. § 402.607(3)(a);

- No claim for breach of implied warranty exists. The label statement does not constitute a warranty under the Magnuson Moss Act (Magnuson Moss") as that term is defined;

- The Safe Harbor Provisions in the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") and the Indiana Deceptive Consumer Sales Act ("IDCSA") bar those causes of action.

- Lack of pre-suit notice precludes Plaintiff's IDCSA Claims.

- Plaintiff fails to plead fraud with particularity.

- Plaintiff fails to state a claim for common law fraud due to the absence of assertions that any knowingly false statement was made.

- As to Rule 23, many factual/legal questions abound as to: Plaintiff's alleged adequacy; the existence of any common questions; Plaintiff's claims allegedly being typical of the class he seeks to represent; numerosity; whether an ascertainable class exists; whether questions, alleged to be common among the class, predominate over questions affecting only individual members is in dispute; and whether this action is superior to other methods to fairly and efficiently adjudicate the controversy.

- Alternatively, pursuant to 28 U.S.C. § 1404(a), just grounds exist to transfer this action to the United States District Court for the Eastern District of New York.

## II. Mandatory Initial Discovery Pilot Project (does not apply to cases exempt from the pilot project)

A. Confirm that all of the parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

The Mandatory Initial Discovery Pilot Project ("Project") does not govern this action because the lawsuit was commenced after expiration of the Project.

B. State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information. If a date for a party's disclosure has passed, indicate whether the party complied with the deadline.

Non-applicable.

C. Describe the parties' discussions regarding the mandatory initial discovery responses, including:

i. any objections invoked or limitations sought by any party in connection with the party's response; and

ii. the parties' resolution (or lack thereof) with respect to any such objection or limitation.

Non-applicable.

## III. Case Plan

A. Identify all pending motions.

Defendant has filed a motion to dismiss the Complaint for failure to state a claim, or alternatively, to transfer venue of this action to the United States District Court for the Eastern District of New York. (Dkt. Nos. 19 and 20).

B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

As to the basis of Defendant's pending motion to dismiss, please see Dkt. Nos.19, 20, and 24.

C. Submit a proposed discovery plan, including the following information:

i. the general type of discovery needed;

5

The Parties anticipate the need for written discovery, including interrogatories, requests for production and requests for admissions, and depositions. Expert discovery will also be required.

Plaintiff will need discovery regarding where and when the alleged misrepresentation on the Arnold Palmer drinks occurred, Defendant's affirmative defenses if Defendant asserts such defenses, where zero calorie drinks were sold and on sales of zero calorie drinks to ascertain class members. Plaintiff anticipates the need for third party discovery.

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues about disclosure or discovery of ESI, including the form or forms in which it should be produced;

The Parties anticipate discovery will encompass ESI. The form of such ESI production will be discussed.

iii. any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

The Parties anticipate submitting a proposed confidentiality order for the Court's consideration.

iv. for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;

The parties propose that initial Rule 26(a)(1) disclosures be exchanged 35 days after the date that the Court conducts the initial status conference, currently scheduled for December 3, 2020.

v. whether discovery will encompass electronically stored information and the parties' plan to ensure that such discovery proceeds appropriately;

The parties anticipate that discovery will include producing ESI and that they will meet and confer to attempt resolve any dispute regarding same.

vi. the date by which the parties will complete fact discovery;

The Parties anticipate that class and fact discovery will be completed by December 31, 2021, with expert discovery undertaken thereafter.

vii. whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

The Parties anticipate the need for expert discovery.

The Parties propose the following schedule for expert discovery:

- Deadline for Plaintiff to serve Rule 26(a)(2) disclosures of expert testimony and reports: 45 days after the close of fact discovery;

- Deadline for Defendant to serve Rule 26(a)(2) disclosures of expert testimony and reports in response to Plaintiffs' Rule 26(a)(2) disclosures: 90 days after Plaintiff's service of Plaintiff's Rule 26(a)(2) disclosures of expert testimony and reports.

- Deadline for Plaintiff to serve rebuttal expert report in response to Defendant's Rule 26(a)(2) disclosure of expert testimony and reports: 45 days after Defendant's service of Defendant's Rule 26(a)(2) disclosures of expert testimony and reports.

- Deadline to complete expert discovery: 60 days after Plaintiff serves rebuttal expert report in response to Defendant's Rule 26(a)(2) disclosure of expert testimony and reports.

viii. what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;

None.

ix. the final date by which parties may supplement their mandatory initial discovery responses;

Non-applicable.

x. the date by which the parties must file any dispositive motions.

60 days after the close of expert discovery.

D. State whether there has been a jury demand and the estimated length of the trial.

Plaintiff has demanded a trial by jury. The parties estimate that the length of the trial would encompass seven (7) days.

## IV. Settlement

A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do ***not*** provide the particulars of any settlement demands/offers.

B. State whether the parties believe that a settlement conference would be productive at this time.

7

No settlement discussions have taken place. The parties do not believe that a settlement conference would be productive at this time.

**V.    Consent to Proceed Before a Magistrate Judge**

A.    State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.

The Parties are aware of the possibility of proceeding before the assigned Magistrate Judge and do not consent to proceed before the Magistrate Judge.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
Heather A. Kolbus
David Kim
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

*Attorneys for Plaintiff*

/s/ Robert P. Donovan
Robert P. Donovan

Robert P. Donovan
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
570 Broad Street, Suite 1500
Newark, NJ 07102
(973) 565-2195
rdonovan@mdmc-law.com

*Attorneys for Defendant*

Casey Grabenstein (#6289606)
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark St, Suite 4200
Chicago, IL 60601
(312) 876-7810
casey.grabenstein@saul.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on November 24, 2020, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which shall send notification of such filing to all counsel of record.


s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
Heather A. Kolbus
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)